UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Eric Krieg</u>

    v.                          Case No. 1:21-cv-680-SE

<u>Warden, FCI Berlin</u>

## REPORT AND RECOMMENDATION

Eric Krieg, a prisoner incarcerated at the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) challenging a Bureau of Prisons ("BOP") disciplinary decision. The Warden moves for summary judgment (Doc. No. 11) asserting that Mr. Krieg failed to properly exhaust BOP's administrative remedies. Mr. Krieg objects and also moves for summary judgment (Doc. No. 12). The parties' cross-motions are before the court for a recommendation as to disposition. Because no genuine dispute of material fact exists on the issue of exhaustion, the district judge should grant the Warden's motion and deny Mr. Krieg's motion.

## Summary Judgment Standard

"Summary judgment is appropriate when the moving party shows that 'there is no genuine dispute as to any material fact and the mov[ing party] is entitled to judgment as a matter of

law.'" Baum-Holland v. Hilton El Con Mgmt., LLC, 964 F.3d 77, 87 (1st Cir. 2020) (quoting Fed. R. Civ. P. 56). "A genuine dispute is 'one that must be decided at trial because the evidence, viewed in the light most flattering to the [party opposing summary judgment], would permit a rational factfinder to resolve the issue in favor of either party.'" Id. (quoting Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990)). The party opposing summary judgment "must adduce specific facts showing that a trier of fact could reasonably find in his favor," Johnson v. Johnson, 23 F.4th 136, 141 (1st Cir. 2022) (internal quotation marks omitted) (quoting Brader v. Biogen Inc., 983 F.3d 39, 53 (1st Cir. 2020)), and "cannot rely on 'conclusory allegations, improbable inferences, and unsupported speculation'" when doing so, id. (quoting Brader, 983 F.3d at 53; Medina-Muñoz, 896 F.2d at 8).

To "determin[e] if a genuine dispute of material fact exists," Taite v. Bridgewater State Univ., Bd. of Trs., 999 F.3d 86, 93 (1st Cir. 2021), the court "'look[s] to all of the record materials on file, including the pleadings, depositions, and affidavits' without evaluating 'the credibility of witnesses or weighing the evidence,'" id. (alterations omitted) (quoting Ahmed v. Johnson, 752 F.3d 490, 495 (1st Cir. 2014)). When reviewing these materials, the court "read[s] the facts in the

light most favorable to the [party opposing summary judgment] and grant[s] all reasonable inferences in his favor." Lachance v. Town of Charlton, 990 F.3d 14, 20 (1st Cir. 2021).

**Background**

In his petition, see Pet. (Doc. No. 1, at 1-3), Mr. Krieg challenges a discipline hearing officer's ("DHO") decision finding him guilty of violating BOP Prohibited Acts Codes ("Code(s)") 203 and 307. 28 C.F.R. § 541.3, tbl.1. Mr. Krieg challenges only the finding of the Code 203 violation, which he asserts resulted in the disallowance of 27 days of good conduct time. Pet. (Doc. No. 1, at 1). Code 203 prohibits "[t]hreatening another with bodily harm or any other offense." 28 C.F.R. § 541.3, tbl.1.

According to the incident report prepared by BOP Counselor Napier, Mr. Krieg's disciplinary violation arose on the evening of October 23, 2020 following Mr. Napier's directives to "lock in." See BOP Incident Report, Oct. 23, 2020, Pet. Ex. A (Doc. No. 1-1, at 1). Specifically, in response to those directives, Mr. Krieg told Mr. Napier "I'm just passing a book," proceeded to slide items under another prisoner's cell door, and further stated "[y]ou're over the top man, I don't give a fuck." Id. Mr. Napier again directed Mr. Krieg to lock in and advised Mr.

Krieg that he was violating COVID-19 guidelines. Id. Mr. Krieg responded, "I don't give a shit" and walked towards Mr. Napier in a fast-paced, "aggressive and threatening manner." Id. Because Mr. Napier felt threatened, he attempted to hit his body alarm and called for staff assistance. Id. Mr. Krieg then returned to his cell and complied with Mr. Napier's orders to be placed in hand restraints. Id.

On October 24, 2020, a BOP staff member provided Mr. Krieg with a copy of the incident report charging him with violating Codes 203 and 307. See DHO Report, Nov. 5, 2020, Pet. Ex. B (Doc. No. 1-1, at 2). Mr. Krieg was advised of his rights with regard to the disciplinary proceeding against him initiated by the incident report, and he appeared at the disciplinary hearing on October 29, 2020. Id. During the hearing, Mr. Krieg denied the charge of violating Codes 203 and 307 and represented to the DHO that he could not hear Mr. Napier because he suffers from hearing loss, which is documented in his medical records. Id. Mr. Krieg later acknowledged video footage of the incident and stated "[o]kay, I can see how it looks, but I meant no threat nor didn't think I did anything wrong because I didn't hear him." Id.

Ultimately, the DHO found, based on the greater weight of the evidence, that Mr. Krieg committed acts prohibited by Codes

4

203 and 307. Id. at 3-5. The DHO imposed several sanctions for the violations including disallowance of 27 days of good conduct time, loss of commissary, and loss of telephone and email privileges.[1] Id. at 5. BOP staff delivered a copy of the DHO Report to Mr. Krieg on November 10, 2020. Id.

Mr. Krieg filed an administrative appeal, dated November 19, 2020, challenging the DHO's decision and related sanctions. Reg'l Admin. Remedy Appeal, Pet. Ex. C (Doc. No. 1-1, at 6, 8). The Regional Office did not receive Mr. Krieg's appeal until December 10, 2020, which was beyond the November 30, 2020 deadline. Reg'l Admin. Remedy Resp., Pet. Ex. D (Doc. No. 1-1, at 7). The Regional Office rejected the appeal as untimely and because the fourth page of the appeal form was illegible. Id. The Regional Office, however, provided Mr. Krieg with an opportunity to resubmit his appeal within ten days of the rejection notice, in proper form and with staff verification of a valid reason for the untimeliness of the appeal. Id.

On March 28, 2021, Mr. Krieg resubmitted his administrative appeal to the Regional Office, but he did not include staff

---

[1] The copy of the DHO Report Mr. Krieg submitted with his petition does not make clear which Code violation the loss of good conduct time sanction was imposed. Because the court finds that Mr. Krieg failed to exhaust his administrative remedies, it need not resolve the question.

verification of a valid reason for the untimeliness. Reg'l Admin. Remedy Appeal, Pet. Ex. F (Doc. No. 1-1, at 9-12). Rather, Mr. Krieg stated that the rejection based on untimeliness was incorrect under the "prison mailbox rule."[2] Id. at 11. Mr. Krieg further stated: "[f]or the record, neither Inmate Counselor Roulleau [sic] or Unit Counselor Napier has ever heard that the 20 days 'includes mail time.'" Id. at 12. Due to the absence of staff verification regarding the untimeliness issue, the Regional Office rejected the appeal a second time, but provided Mr. Krieg with a second opportunity to remedy his appeal and to resubmit it within ten days of the rejection notice. Reg'l Admin. Remedy Resp., Pet. Ex. H (Doc. No. 1-1, at 13).

Contrary to the Regional Office's instructions, Mr. Krieg appealed the second rejection to the Central Office on June 8, 2021. Cent. Off. Admin. Remedy Appeal, Pet. Ex. I (Doc. No. 1-1, at 14). He again argued that his appeal should not have been rejected in the first instance under the prison mailbox rule.

---

[2] "Under the prison mailbox rule, a pro se prisoner's court filing is deemed filed on the date that he delivered it to prison authorities for mailing." Jones v. Warden, No. 19-cv-105-JL, 2020 U.S. Dist. LEXIS 50187, at *9 n.3, 2020 WL 1326151, at *4 n.3 (D.N.H. Mar. 2, 2020) (quotation and brackets omitted), R&R adopted, 2020 U.S. Dist. LEXIS 48544 at *1, 2020 WL 1322541, at *1 (D.N.H. Mar. 20, 2020).

Id.  The Central Office ultimately rejected Mr. Krieg's appeal and directed him to follow the instructions in the prior rejection notices, correct the issues with his appeal, and refile his appeal with the Regional Office.  Cent. Off. Admin. Remedy Resp., Pet. Suppl. (Doc. No. 2, at 3).  To date, Mr. Krieg has not filed staff verification to demonstrate a valid reason for the untimeliness of his appeal.  Instead, he proceeds with a Section 2241 petition seeking to expunge the Code 203 violation and reinstate the 27 days of disallowed good conduct time.  Pet. (Doc. No. 1, at 10).

## Discussion

The Warden seeks summary judgment on the basis that Mr. Krieg's appeal was untimely, and therefore, he failed to exhaust his administrative remedies before filing his Section 2241 petition.  In response, Mr. Krieg contends that: (1) his administrative appeal was timely under the plain language of 28 C.F.R. § 542.14; (2) the "prison mailbox rule" should govern the timeliness of administrative appeals; and (3) exhaustion should be excused due to the unavailability and futility of the BOP administrative remedies.

## I. Exhaustion of Administrative Remedies

"In general, a [Section] 2241 petitioner must exhaust available administrative remedies before [he] can obtain relief in federal court." Shorter v. Warden, 803 F. App'x 332, 336 (11th Cir. 2020). For a federal prisoner "[t]o properly exhaust [Section] 2241 claims challenging the computation of a release date, [he] generally must comply with the [BOP's] Administrative Remedy Program which is set forth in 28 C.F.R. §§ 542.10-.19." Cook v. Spaulding, 433 F. Supp. 3d 54, 57 (D. Mass. 2020); cf. Davis v. Warden, 661 F. App'x 561, 562 (11th Cir. 2016) (citing Woodford v. Ngo, 548 U.S. 81, 88-93 (2006)) (requiring prisoner compliance with the "agency's deadlines and procedural rules"). In a Section 2241 action, the government bears the burden to raise and prove the affirmative defense that the petitioner failed to exhaust his administrative remedies. See Acosta v. Daniels, 589 F. App'x 870, 873 (10th Cir. 2014) (citing Jones v. Bock, 549 U.S. 199, 212 (2007)).

The BOP's Administrative Remedy Program "allow[s] an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10. Where a prisoner seeks to appeal a DHO Report, he must submit his first appeal to the Regional Office within twenty calendar days of receiving the DHO Report. Id. § 542.14(d)(2). An appeal is "considered filed

on the date it is logged into the Administrative Remedy Index as received." Id. § 542.18.

If the Regional Office rejects the appeal, the next and final step in the administrative appeal process is an appeal filed with the Central Office within thirty calendar days of the date the Regional Office's director signed the response. Id. § 542.15(a). "An inmate who fails to comply with the prescribed deadlines has an opportunity to demonstrate a valid reason for the delay in filing; if the prisoner does so, he may be granted an extension to complete the filing." Jones v. Warden, No. 19-cv-105-JL, 2020 U.S. Dist. LEXIS 50187, at *7, 2020 WL 1326151, at *3 (D.N.H. Mar. 2, 2020) (citing 28 C.F.R. § 542.17(b)), R&R adopted, 2020 U.S. Dist. LEXIS 48544 at *1, 2020 WL 1322541, at *1 (D.N.H. Mar. 20, 2020).

The Regional Office received Mr. Krieg's first administrative appeal outside of the allowable twenty-day period, which began when Mr. Krieg received a copy of the DHO Report. Reg'l Admin. Remedy Resp., Pet. Ex. D (Doc. No. 1-1, at 7). Mr. Krieg was provided with three opportunities to cure the untimeliness of his appeal. Yet, he failed to follow the express instructions in each appeal rejection notice, and he never submitted staff verification to support a valid justification for the untimeliness of his appeal. Contrary to

Mr. Krieg's claim that the appeal was timely because he "filed" it within the twenty-day period, BOP regulations state that an appeal is considered filed once it is logged as received in the BOP's Administrative Remedy Index.  28 C.F.R. § 542.18.

Further, this court, consistent with the majority view, has rejected the applicability of the prison mailbox rule to deadlines established by the BOP grievance procedure.  See Jones, 2020 U.S. Dist. LEXIS 50187, at *7, 2020 WL 1326151, at *4 (citing Nigro v. Sullivan, 40 F.3d 990, 996 (9th Cir. 1994) (federal prisoners not entitled to the benefit of the prison mailbox rule in determining whether a prison administrative appeal was timely filed); Lee v. Zuniga, No. 1:15-cv-00297-LJO-MJS, 2017 U.S. Dist. LEXIS 94124, at *7, 2017 WL 2628101, at *3 (E.D. Cal. June 19, 2017) (collecting cases reaching same conclusion)).  Accordingly, the undisputed facts demonstrate that Mr. Krieg's appeal was untimely, and therefore, he failed to properly exhaust his administrative remedies.

## II.  Exceptions to Exhaustion of Administrative Remedies

Courts have recognized exceptions to the Section 2241 exhaustion requirement where administrative remedies are "unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a

10

patently futile course of action." Rodriguez-Rosa v. Spaulding, No. CV 19-11984-MBB, 2020 U.S. Dist. LEXIS 88044 at *27, 2020 WL 2543239, at *10 (D. Mass. May 19, 2020) (quoting Williams v. Willis, 765 F. App'x 83 (5th Cir. 2019) (quoting Fuller v. Rich, 11 F.3d 61, 61 (5th Cir. 1994))). Exceptions to the exhaustion requirement, however, arise only in "extraordinary circumstances," and Mr. Krieg bears the burden of demonstrating that an exception applies. Fuller, 11 F.3d at 61.

    A. Unavailability

Exhaustion may be "unavailable" and therefore excused when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Fox v. Hazelwood, No. 21-cv-159-PB, 2022 U.S. Dist. LEXIS 149709 at *8, 2022 WL 2907992, at *1 (D.N.H. July 22, 2022) (quoting Blevins v. Warden, 819 F. App'x 853, 856 (11th Cir. 2020)). Mr. Krieg contends that the administrative appeal process was unavailable to him because he received contradictory information from BOP officials: Mr. Rouleau and Mr. Napier agreed with Mr. Krieg that his appeal should not have been rejected for untimeliness, while the appeal rejection notices of the Regional and Central Offices cited untimeliness as the basis for rejection. Mr. Krieg also claims in his reply

11

to the Warden's motion for summary judgment (Doc. No. 12), that Mr. Rouleau "refused to give Krieg a memo explaining why the lateness was not his Krieg's [sic] fault . . . ."[3] Id. at 6 (quotation and brackets omitted).

Nothing in the record, however, suggests that any BOP official, other than Mr. Rouleau, refused to provide Mr. Krieg with verification of a valid reason for the untimeliness of his appeal. A single BOP official's refusal to provide Mr. Krieg with a memorandum does not render compliance with the administrative appeal process unavailable, and Mr. Krieg does not suggest that Mr. Rouleau was the only BOP staff member from whom he could ask for staff verification. No evidence in the record suggests that Mr. Krieg even sought such verification from other BOP staff members by, for example, asking them to provide a copy of a mail log or a memorandum stating that Mr.

---

[3] This allegation is not supported by admissible evidence. See United States v. Hoerle, No. 08-cv-470-JM, 2009 U.S. Dist. LEXIS 70600, at *2 n.1, 2009 WL 2486323, at *1 n.1 (D.N.H. Aug. 11, 2009) (holding that plaintiff's facts would be deemed admitted because defendant's objection was unsupported by admissible evidence); see also LR 56.1(b) ("A memorandum in opposition to a summary judgment motion shall incorporate a short and concise statement of material facts, supported by appropriate record citations . . ."). Because the allegation does not alter the court's conclusion that administrative remedies were available to Mr. Krieg, it is accepted as true for purposes of summary judgment.

Krieg sent his appeal early enough that it should reasonably have arrived by the deadline.

In addition, Mr. Krieg was not prevented from properly complying with the appeal process merely because Mr. Rouleau and Mr. Napier were initially unaware that the appeal deadline included mail time, Reg'l Admin. Remedy Appeal, Pet. Ex. F (Doc. No. 1-1, at 12), or because Mr. Rouleau agreed with Mr. Krieg's opinion that the original appeal was timely. Cent. Off. Admin. Remedy Appeal, Pet. Ex. I (Doc. No. 1-1, at 14). Further, nothing in the record suggests that BOP officials prevented Mr. Krieg from properly complying with the appeal process by, for example, denying him appeal forms or threatening him. Accordingly, on the issue of unavailability, Mr. Krieg has not adduced any specific facts for a jury to reasonably find that the BOP administrative remedies were unavailable to him. See Johnson, 23 F.4th at 141.

    B. Futility

Mr. Krieg also appears to argue that the administrative appeal process is "futile" because his appeals were repeatedly rejected as untimely, despite his explanation of compliance under the prison mailbox rule. Neither Mr. Krieg's argument nor any facts in the record suggest that the appeal process is

13

inadequate to address Mr. Krieg's grievance.  Rather, the BOP administrative appeal process provides formal review and remedy of issues relating to an inmate's confinement, including DHO findings and subsequent sanctions.  See 28 C.F.R. § 542.10; see also Jimenez v. United States, No. 97 CR 752 (SAS), 2000 U.S. Dist. LEXIS 269 at *5, 2000 WL 28164, at *2 (S.D.N.Y. Jan. 14, 2000) (noting that Section 2241 is the proper vehicle for a prisoner to challenge a BOP decision to deny credit to federal sentence for time served in federal detention facility).

Further, Mr. Krieg's failure to take all possible steps to extend his time to file an appeal precludes an argument that such appeal would be "futile."  Consistent with Section 542.15(a), the Regional Office and Central Office may have granted Mr. Krieg an extension had he submitted the requested staff verification supporting his contention that the delay in filing was beyond his control.  Thus, Mr. Krieg has failed to demonstrate that there is a genuine issue of material fact such that a jury could reasonably find that the BOP administrative remedy process was futile.  Accordingly, in the absence of applicable exceptions, Mr. Krieg's failure to exhaust his administrative remedies cannot be excused, and therefore, the district judge should grant the Warden's motion for summary judgment.


**Conclusion**

For the foregoing reasons, the district judge should grant the Warden's motion for summary judgment (Doc. No. 11), deny Mr. Krieg's motion for summary judgment (Doc. No. 12), and direct the clerk to enter judgment and close this case.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

February 16, 2023

cc:  Eric Krieg, pro se
     Seth R. Aframe, Esq., U.S. Attorney's Office